UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| TIMOTHY FOOKS, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil No: 5:18-cv-00513-GFVT |
| V. | ) | |
| MASON, SCHILLING & MASON, CO., L.P.A., et al., | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants, | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendants Mason, Schilling & Mason and Rachel Jill Mason-Mendelsohn's Motion to Dismiss. [R. 17.] Plaintiff Timothy Fooks alleges the Defendants violated portions of the Fair Debt Collection Practices Act in attempting to collect a debt from him. [R. 1.] Mr. Fooks also asserts two state law tort claims arising out of the same conduct. *Id.* Defendants have moved for dismissal of all claims pursuant to Rule 12(b)(6). For the following reasons, Defendants' Motion is GRANTED IN PART.

**I**

This matter arises out of a state court debt collection action.[1] On February 22, 2018, attorney Rachel Jill Mason-Mendelsohn of the firm Mason, Schilling & Mason filed suit against Timothy Fooks on behalf of client Southeastern Emergency Physicians in Nicholas County District Court. The complaint alleged that Mr. Fooks incurred, and later defaulted on, charges related to medical services at SEP. SEP sought a judgment of $546.60. Upon service of the

---

[1] All facts are taken from Mr. Fooks' Complaint. [R. 1.]

complaint, Mr. Fooks wrote to Ms. Mason-Mendelsohn asking for verification of the debt. Shortly thereafter, Mr. Fooks received a letter from Ms. Mason-Mendelson which stated that the amount owed was $670.73, and which included account statements from SEP that Mr. Fooks contends reflect $0.00 owed to SEP. Mr. Fooks filed a general denial in state court on March 19, 2018. On August 1, 2018, SEP voluntarily dismissed its action against Mr. Fooks with prejudice.

Now, Mr. Fooks brings this lawsuit against the attorney who represented SEP in the state court action, Ms. Rachel Jill Mason-Mendelsohn, and her employer, Mason, Schilling & Mason. Mr. Fooks alleges that, by filing the debt collection lawsuit against him, the Defendants have violated certain portions of the Fair Debt Collection Practices Act and committed the state law torts of intrusion upon seclusion and malicious prosecution.

## II

### A

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**B**

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, was enacted to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." It is "extraordinarily broad." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008). Thus, the FDCPA "prohibits a wide array of specific conduct," as well as "in general terms, any harassing, unfair, or deceptive debt collection practice." S. Rep. No. 95-382, at 4.

Mr. Fooks' Complaint alleges various violations of the FDCPA by the Defendants. Specifically, Mr. Fooks seeks relief under §§ 1692e, 1692d, and 1692f. [R. 1 at 6.] The Sixth Circuit has adopted the "least-sophisticated-consumer" test for identifying conduct that violates the FDCPA. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 439 (6th Cir. 2008). This is an objective standard designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* (internal citations omitted). If Mr. Fooks' claims under the FDCPA are to survive Defendants' Motion to Dismiss, Mr. Fooks must have plead facts that allow this Court to infer Defendants' conduct could mislead the least sophisticated consumer.

**1**

Pursuant to § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether an action is false, deceptive, or misleading "is based on whether the 'least sophisticated consumer' would be misled[.]" *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir.

3

2012) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)). A statement must also be materially false or misleading to violate Section 1692e. *Id.* at 327 ("... in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer."). Section 1692e contains a non-exhaustive list of ways in which it might be violated. Mr. Fooks points to subparts (2), (8), and (10), which disallow:

> (2) The false representation of—
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of the debt;
> . . .
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (8), (10).

First, § 1602e(2) is specifically concerned with false representations concerning the *amount* of the debt. Mr. Fooks' Complaint alleges that the Defendants sought $546.60 in the lawsuit filed against him, but that the verification letter he received from Ms. Mason-Mendelsohn stated that the debt amounted to $670.73. [R. 1 at 3–4.] On top of that, Mr. Fooks points to the account statements, generated by SEP, which accompanied the debt verification letter and which Mr. Fooks contends show a balance owed of $0.00. The Defendants argue that the amount reflected in the debt verification letter is the result of applying interest charges and court costs, and that the $0.00 reflected on the account statement is the result of a "charge off" of the debt. [R. 18 at 5–6.] That may be, but these are factual issues that the Court cannot resolve at this stage of the proceedings. The outward discrepancies between the complaint, verification letter, and account statements could very well confuse the least sophisticated consumer. For the

same reasons, Mr. Fooks has also successfully alleged facts that support a claim under § 1692e(10). Viewing the facts in a light most favorable to the Plaintiff—specifically, that the discrepancies in the amount of debt sought are false representations on the part of Defendants—Mr. Fooks factual matter to support a claim under § 1692e(2) or (10).

In contrast, Mr. Fooks' claim under § 1692e(8) is easy to dispose of. Essentially, this subpart governs communications between debt collectors and third parties, typically credit reporting agencies. *See Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013) (finding that § 1692e(8) is violated where "the debt collector knows of the dispute and elects to report it to a [Credit Reporting Agency]"); *Purnell v. Arrow Fin. Servs, LLC*, 2008 U.S. App. LEXIS 25488 (6th Cir. Dec. 16, 2008); *Fulk v. LVNV Funding, LLC*, 55 F. Supp. 3d 967 (E.D. Ky. 2014); *Shockley v. Portfolio Recovery Assocs., LLC*, 2018 U.S. Dist. LEXIS 186910 (E.D. Ky. Nov. 1, 2018). The Complaint includes no facts to support a claim under this subpart. Mr. Fooks fails to allege that the Defendants communicated with any credit reporting agencies about this debt at all. [*See* R. 1.] Nevertheless, the Court finds that Mr. Fooks has adequately pled a claim under § 1692e. *See Currier*, 762 F.3d at 535 (finding it unnecessary to determine whether Plaintiff had pled a claim under 1692f(1) because plaintiff adequately pled claim under the broad, general application of 1692f).

## 2

Mr. Fooks also alleges the Defendants engaged in conduct "the natural consequence of which is to harass, oppress, or abuse" him. [R. 1 at 6; 15 U.S.C. § 1692d.] Expressly forbidden is "the use or threat of use of violence," "the use of obscene or profane language," "the publication of a list of consumers who allegedly refuse to pay debts," and "engaging in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass." 15 U.S.C. §

1692d(1)–(3), (5). The list of violations in § 1692d is nonexhaustive; however, filing a debt collection lawsuit bears little resemblance to the type of conduct outlined in § 1692d. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (Enumerated examples in § 1692d "are not comparable to the single filing of a debt collection lawsuit"). "Any attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system . . . cannot be said to be an abusive tactic under the FDCPA." *Id.* at 330–31. Thus, Mr. Fooks claim under § 1692d must be dismissed.

**3**

Mr. Fooks alleges violation of § 1692f, which prohibits unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. Mr. Fooks specifically cites subpart (5), which prohibits "causing to charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls or telegram fees." 15 U.S.C. § 1692f(5).

Here again, Mr. Fooks has not alleged any facts that would support a claim under § 1692f(5). While it is possible that Mr. Fooks incurred some charges from the Nicholas County District Court related to the action against him, the Court cannot assume facts the plaintiff has not pled. *See id.* at 328 (internal citations omitted). And while Mr. Fooks states that he was forced to hire an attorney to defend him in that action, he has not identified, and the Court cannot find, any case applying the protections of § 1692f to costs associated with legal representation. [*See* R. 19 at 6–7.]

But Mr. Fooks need not plead a claim under § 1692f(5) specifically if he has stated a claim under § 1692f generally. *See Currier*, 762 F.3d at 535. The FDCPA does not explicitly

define "unfair or unconscionable means," but § 1692f includes a nonexhaustive list of violative conduct. In addition to subpart (5), § 1692f specifically prohibits collecting an amount not authorized by law or the agreement creating the debt, accepting or soliciting a post-dated check or depositing the same, communicating with a consumer via postcard, taking or threatening to take a nonjudicial action to dispossess a consumer of their property without any present right to the property, and sending mail with any language or symbol other than the debt collector's address on the envelope. *See* 15 U.S.C. § 1692f(1)–(4), (6)–(8). "The doctrine of *noscitur a sociis* instructs that a term is interpreted within the context of the accompanying words to avoid the giving of unintended breadth to the Acts of Congress." *Parker v. Metro. Life. Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997) (quoting *Kurinsky v. United States*, 33 F.3d 594, 597 (6th Cir. 1994)) (cleaned up).

Other Courts have found violations of § 1692f generally where a debt collector knowingly maintained an invalid lien against a debtor's home, *Currier*, 762 F.3d at 534, attached law-firm generated documents resembling credit card statements to state court complaint, *Hartman v. Great Seneca Fin Corp.*, 569 F.3d 606 (6th Cir. 2009), sent a collection letter questioning a debtor's honesty and good intentions, *McMillan v. Collection Prof'l, Inc.*, 455 F.3d 754 (7th Cir. 2006), filed for a writ of garnishment where debtor was current in payments, *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994), and purported to collect 33% of a debt as a "collection fee," *Bradley v. Franklin Collection Serv.*, 739 F.3d 606 (11th Cir. 2014).

Mr. Fooks' complaint is vague, and it does not specifically identify for the Court what of Defendants' conduct violated § 1692f. However, the crux of this lawsuit seems to be the filing of a debt-collection action in Nicholas County District Court. Therefore, this claim will survive if filing a single debt-collection lawsuit is an "unfair and unconscionable" means of collecting a

7

debt. The Court has not found any authority which stands for that point. On the contrary, as previously stated "employing the court system . . . cannot be said to be an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330–31 (6th Cir. 2006). Because the Sixth Circuit has held that filing a lawsuit is not an abusive tactic under § 1692d of the FDCPA, this Court has trouble rationalizing that same conduct as "unfair or unconscionable." In light of this authority, taken together with the above examples, the Court finds that filing a single collection lawsuit cannot support a claim under §1692f. This claim must be dismissed.

### C

Finally, Mr. Fooks asserts Kentucky state law claims of intrusion upon seclusion and malicious prosecution. The tort of intrusion upon seclusion has three elements: (1) an intrusion; (2) that is highly offensive to a reasonable person; (3) into some matter in which a person has a legitimate expectation of privacy. *Pearce v. Whitenack*, 440 S.W.3d 392, 401 (Ky. Ct. App. 2014). Mr. Fooks argues that filing the lawsuit intruded upon his private financial affairs, and that such an intrusion would be highly offensive to a reasonable person. [R. 19 at 8.] According to Mr. Fooks, he "has a right to keep his personal finances private and be free from public spectacle in the form of a public lawsuit." *Id.* The Court does not agree. Lawsuits necessarily expose the parties to the public in one way or another; however, filing a debt collection lawsuit is a valid means by which to collect a debt. Furthermore, Mr. Fooks does not cite, and the Court cannot find, any Kentucky case in which a lawsuit served as the basis for an intrusion upon seclusion claim. Mr. Fooks' intrusion upon seclusion claim must be dismissed.

Recently the Kentucky Supreme Court set forth a revised test for malicious prosecution. *See Martin v. O'Daniel*, 507 S.W.3d 1 (Ky. 2016) (abrogating *Raine v. Drasin*, 621 S.W.2d 895 (1981)). Now, to prevail on his state law malicious prosecution claim, Mr. Fooks must show:

1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
2) the defendant acted without probable cause;
3) the defendant acted with malice which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
5) the plaintiff suffered damages as a result of the proceeding.

*Martin*, 507 S.W.3d at 11–12. Mr. Fooks alleges that Defendants (1) filed suit against him in Nicholas County District Court; (2) without evidence; (3) for the purpose of collecting a debt he did not owe. [R. 1.] That lawsuit terminated in Mr. Fooks' favor with SEP voluntarily dismissed the action with prejudice. Finally, Mr. Fooks claims damages resulting from the action, including incurring attorney's fees. The Court finds, when viewed in a light most favorable to the claimant, Mr. Fooks has plead facts establishing a plausible claim for malicious prosecution. Defendants' motion to dismiss this claim is **DENIED**.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss **[R. 17]** is **GRANTED IN PART**;

2. Plaintiff's claims under 15 U.S.C. §§ 1692e(8), 1692d, and 1692f are **DISMISSED**;

3. Plaintiff's state law claim of intrusion upon seclusion is **DISMISSED**;

4. Defendant's motion to Dismiss **[R. 17]** is **DENIED** with respect to Plaintiff's

claims under 15 U.S.C. § 1692e(2) and (10), and Plaintiff's state law malicious prosecution claim.

This the 17th day of September, 2019.

Gregory F. Van Tatenhove
United States District Judge